IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON BAITY, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-1367- RJD |
| ) | |
| JOHNSON & JOHNSON and ETHICON, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[j]urisdiction is the 'power to declare law' and without it the federal courts cannot proceed"); *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 889 (7th Cir. 2002) ("not only may the federal courts police subject matter jurisdiction *sua sponte*, they must"). Plaintiffs' Amended Complaint alleges that 120 Plaintiffs were injured by Defendants' pelvic mesh implants. Plaintiffs further allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

A quick read of Plaintiff's Amended Complaint, however, reveals that there is not complete diversity among the parties. For diversity jurisdiction purposes, complete diversity means no plaintiff is a citizen of the same state as any defendant. *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). Plaintiffs allege that Defendants are citizens of New Jersey. Doc. 12, ¶¶353, 354. Plaintiffs also allege that Plaintiff Iendumati Shah is a citizen of New

Jersey. Doc. 12, ¶271. Consequently, the Court hereby ORDERS Plaintiffs TO SHOW CAUSE on or before January 14, 2021, why this matter should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:   January 7, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**