IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON BAITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON and ETHICON, INC., <br><br> Defendants. | Case No. 3:20-CV-01367-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss (Docs. 40, 41) filed by Defendants Ethicon, Inc., and Johnson & Johnson. For the reasons set forth below, the Court grants the motion in part.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs allege that between 2000 and 2011, they all received implantation of TVT, a prescription medical device manufactured by Ethicon for the treatment of stress urinary incontinence. This alleged implantation is said to have occurred at five hospitals in Southern Illinois. Following implantation, Plaintiffs assert that they suffered injuries including pelvic pain, pain during intercourse, voiding dysfunction, and urinary tract infections, though they do not state precisely when they first experienced these injuries (Doc. 39 at 1-4).

On December 23, 2020, Plaintiffs Brandon Baity, Kevin Baity, Tamara Daily, Carrie Dodson, Debra Hyde, Patricia Milligan, Larry Milligan, April Ray, Steven Ray, and Diane

Zappia, all residents of Southern Illinois, filed a complaint in this Court for personal injuries arising from the TVT implantation against Ethicon, the designer and promoter of TVT, and Johnson & Johnson, Ethicon's corporate parent (Doc. 1). On January 6, 2021, Plaintiffs filed a First Amended Complaint, adding 110 non-Illinois plaintiffs who also received TVT implants (Doc. 12). On January 11, 2021, Plaintiffs filed a Second Amended Complaint pursuant to an order of the Court to cure defects in the filing of the First Amended Complaint (Doc. 11, 12).

On March 12, 2021, Defendants filed a Motion to Dismiss under Rules 12(b)(2) and 12(b)(3) and a Motion to Sever (Doc. 23, 25). On April 14, 2021, the Court granted in part Defendants' motions, dismissing non-Illinois plaintiffs and permitting the suit to proceed with the original Illinois plaintiffs (Doc. 31). On May 20, 2021, Plaintiffs filed a Third Amended Complaint to cure deficiencies observed by the Court's Order of April 14, 2021 (Doc. 39). Defendants then filed their instant Motion to Dismiss under Rule 12(b)(6) on June 16, 2021 (Doc. 40).

The Third Amended Complaint asserts the following counts:

   I.   Negligence
  II.   Strict Liability – Design Defect
 III.   Strict Liability – Manufacturing Defect
  IV.   Strict Liability – Failure to Warn
   V.   Breach of Express Warranty
  VI.   Breach of Implied Warranty
 VII.   Fraudulent Concealment
VIII.   Constructive Fraud
  IX.   Negligent Misrepresentation
   X.   Negligent Infliction of Emotional Distress
  XI.   Illinois Fraud and Deceptive Business Practices Act
 XII.   Unjust Enrichment
XIII.   Loss of Consortium

Plaintiffs have further asserted that they seek punitive damages on all counts (Doc. 39).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to state a claim under the pleading standard of Federal Rule of Civil Procedure 8(a), a party need merely provide "a short and plain statement of the claim[.]" To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. 570. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). The plausibility of allegations must be determined by reviewing the complaint as a whole and factual assertions must suggest a right to relief beyond mere speculation. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## DISCUSSION

Defendants generally argue that the Third Amended Complaint is an impermissible "shotgun pleading," that the strict liability claims (Counts II, III, and IV) are barred by the statute of repose, and that certain counts (II, III, V, VI, VII, VIII, IX, XI, and XII) fail to state a claim.

### A. Shotgun Pleading

In support of labelling the Third Amended Complaint as an "impermissible shotgun pleading[,]" Defendants cite *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011), a single decision from the Northern District of Illinois which observed that "[c]ourts have discouraged [the] type of 'shotgun' pleading where 'each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged [are] not material, or cause of action, appearing in a count's heading.'" *CustomGuide* relies on decisions from the Eleventh Circuit for its interpretation of this "shotgun pleading" doctrine. Indeed, there appear to be only approximately 30 cases from districts within the Seventh Circuit that use this phrase. The "shotgun pleading" doctrine appears rather to be endemic to the warmer climes of the Fifth and Eleventh Circuits, it is a rare exotic in the Midwest and we look on it with some skepticism accordingly.

Generally speaking, the "shotgun pleading" doctrine takes issue with those plaintiffs who overuse incorporation by reference, abusing Rule 8(a)(2) and failing to articulate claims with sufficient clarity to put a defendant fully on notice as to their substance and permit a responsive pleading. *See, e.g.*, *Phillips v. United States EEOS*, 2016 U.S. Dist. LEXIS 72393 at *2-3 (N.D. Ind.). The Court agrees that overuse of incorporation by reference could, perhaps, create such obfuscation as to vitiate the notion the complaint presents "a short and plain statement of the claim" as required under Rule 8(a). In such an instance, this type of pleading might well warrant dismissal of the complaint.

Incorporation by reference is not an unmitigated evil, however. Indeed, were plaintiffs to insist on restating all facts of the case in each count of a complaint, it would result in undesirably voluminous and repetitious filings. Here, the Third Amended Complaint is already close to 80 pages long, and the Court is loath to encourage any practices that might result in an even longer complaint. Accordingly, the question is rather whether incorporation has been abused to such an extent as to make the actual issues of each count unclear.

Plaintiffs state the bulk of their background facts at the start of their complaint and then preface each individual count by stating that they "incorporate by reference each and every material fact of this Complaint as if fully set forth herein" (*E.g.*, Doc. 39 at 28). They do, however, still recite individual contentions for each count that appear to adequately put Defendants on notice as to which alleged facts are relevant to each count. Overall, having reviewed the Third Amended Complaint, the Court does not feel that its use of incorporation by reference rises to such a level that it fails to provide a short and plain statement of the claim. Furthermore, the Court does not endorse any per se "shotgun pleading" rule striking down complaints as a matter of course whenever they incorporate facts by reference in each individual count. The Court does note that the factual assertions in the Third Amended Complaint are minimal and that this creates problems for some counts individually, as the Court shall discuss below. The Court is not inclined, however, to dismiss the Third Amended Complaint as a whole on this basis.

B.   **Statutes of Limitations and Repose**

Illinois law requires that products liability claims based on strict liability be asserted:

> "[W]ithin 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period."

735 Ill. Comp. Stat. § 5/13-213(b).

Under 735 Ill. Comp. Stat. § 5/13-213(d), this period may be tolled where the plaintiff did not initially know of the existence of the injury, but "in no event shall such action be brought more than 8 years after the date on which such personal injury … occurred." For products liability actions relating to implanted medical devices, the date of "injury" is generally held to be the date of first implant. *Stark v. Johnson & Johnson*, 2020 U.S. Dist. LEXIS 69072 at *14, n. 9 (N.D. Ill., Apr. 20, 2020). Here, Plaintiffs appear to concede that the statute of repose would have elapsed if measured from the date of their implantation surgeries, but they argue that the statute of limitations should be tolled under the "discovery rule," a principle in Illinois law that allows tolling where a plaintiff did not discover his claim due to fraudulent concealment on the part of the defendant. *See, e.g.*, *Wisniewski v. Diocese of Belleville*, 943 N.E.2d 43, 70 (Ill. App. Ct. 2011).

To toll the statute of repose in this fashion, at the very least the Court would need to know when Plaintiffs did learn of their potential claims. Here, as Defendants have observed, Plaintiffs have provided only the most general assertions about their injuries, not stating when they first experienced injuries and when they first suspected that those injuries were caused by the implantation of TVT. While these minimal allegations of injury may not be facially insufficient to maintain a suit, they are too vague to permit the

Court to show any leniency with regard to the statute of repose. Absent better information in a pleading, the Court must conclude that the statute of repose has elapsed on Plaintiffs' strict liability claims and dismiss Counts II, III, and IV of the Third Amended Complaint.

Defendants further note that Counts V and VI for breach of express and implied warranty are subject to a four-year statute of limitations, which accrues when delivery of merchandise is made. 810 Ill. Comp. Stat. § 5/2-725(2). The discovery rule does not apply here, and the statute of limitations will elapse regardless of a party's lack of knowledge of a breach. *Id.* Here, Plaintiffs allege that they received their TVT implants by 2011 at the latest, and the statute of limitations on their warranty claims has thus long since elapsed. The Court must dismiss Counts V and VI.

### C.    Rule 9(b) Pleading

Counts VII, VIII, IX, and XI of the Third Amended Complaint are all subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that a party alleging fraud "state with particularity the circumstances constituting fraud[.]" This requires describing "the who, what, when, where, and how" of the alleged fraud on the face of the complaint. *E.g.*, *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011).

Without going into further depth on what Rule 9(b) requires, the Court can easily conclude that Plaintiffs' allegations are insufficient. While the Third Amended Complaint contains a number of broad statements to the effect that Defendants intentionally misled the public, Plaintiffs provide no precise information whatsoever as to what statements

were made, who made them, when they were made, or by what medium. Their allegations fall woefully short of the 9(b) pleading standard, and accordingly Counts VII, VIII, IX, and XI must be dismissed.

### D. Unjust Enrichment

Defendants next argue that Plaintiffs cannot recover based on a theory of unjust enrichment. To state a claim for unjust enrichment "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Gagnon v. Schickel*, 983 N.E.2d 1044, 1052 (Ill. App. Ct. 2012). Unjust enrichment is an alternative to recovery in contract, however, and "[t]his theory is inapplicable where an express contract, oral or written, governs the parties' relationship." *Id.* Here, it is not disputed that Defendants provided products pursuant to contractual arrangements, and there does not appear to be any contention that this is the type of situation where an unjust enrichment claim might be presented as an alternative to a contract claim. Accordingly, the Court concludes that Plaintiffs cannot maintain their action for unjust enrichment under Illinois law, and Count XII must be dismissed.

### CONCLUSION

For the reasons set forth above, the Court grants in part the Motion to Dismiss. Counts II, III, IV, V, VI, VII, VIII, IX, XI, and XII are dismissed. Plaintiffs ask for leave to amend their complaint to remedy the flaws in these counts, but Plaintiffs have already had ample opportunity to change their allegations and have already filed three complaints. The Court is not inclined to permit further delay in this action by allowing

another amended complaint to be submitted. This action may proceed on counts I, X, and XIII alone.

**IT IS SO ORDERED.**

DATED:   August 13, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**