IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON BAITY, KEVIN BAITY, TAMARA DAILY, CARRIE DODSON, DEBRA HYDE, PATRICIA MILLIGAN, LARRY MILLIGAN, APRIL RAY, STEVEN RAY, and DIANE ZAPPIA,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, and ETHICON, INC.,<br><br>Defendants. | Case No. 3:20-CV-01367-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration filed by Brandon Baity, Kevin Baity, Tamara Daily, Carrie Dodson, Debra Hyde, Patricia Milligan, Larry Milligan, April Ray, Steven Ray, and Diane Zappia ("Plaintiffs") (Doc. 50). Plaintiffs filed their Third Amended Complaint on June 2, 2021 (Doc. 39). Defendants Johnson & Johnson and Ethicon, Inc. moved to dismiss that complaint on June 16, 2021 (Doc. 40). The Court granted Defendants' motion in part and dismissed Counts II, III, IV, V, VI, VII, VIII, IX, XI, and XII (Doc. 45). Plaintiffs now move for reconsideration of the Court's Order. For the reasons set forth below, the Court denies the motion for reconsideration.

Plaintiffs argue that recently, and after briefing concluded on Defendants' motion to dismiss, district courts in other jurisdictions have entered numerous orders denying motions to dismiss on substantially similar factual allegations in cases involving implants of Defendants' pelvic mesh products. Their motion for reconsideration is filed pursuant to

Federal Rule of Civil Procedure 59(e). Conversely, Defendants argue that no manifest error of law or fact in the Court's prior ruling requires a different result, nor do Plaintiffs provide newly discovered evidence supporting their arguments.

Rule 59(e) allows a court to alter or amend a judgment to correct manifest errors of law or fact or to address newly discovered evidence. *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A district court may also reconsider a prior decision when there has been a significant change in law or facts since the parties presented the issue to the court, when the court misunderstands the parties, or when the court overreaches by deciding an issue not properly before it. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Reconsideration is not an appropriate forum for reintroducing previously rejected arguments or presenting new arguments that could have been raised during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

First, with respect to Counts II, III, and IV, Plaintiffs attempt to reiterate that they have sufficiently pleaded fraudulent concealment to toll the statute of repose by alleging that Defendants' omissions and misrepresentations "continue to this day." They also argue that Defendants bear the burden of proving or disproving affirmative defenses. These arguments could have been, and were, raised in response to Defendants' motion to dismiss, and were already rejected by this Court.

Next, regarding Counts VII, VIII, XI, and VI, Plaintiffs attempt to reargue that their constructive fraud claim should not be subject to Rule 9(b)'s heightened pleading

requirements, and even if it is, they have sufficiently pleaded their fraud-based allegations under the heightened standard. Again, these arguments could have been, and were, raised in response to Defendants' motion to dismiss, and were already rejected by this Court. In their last attempt to persuade the Court to reconsider dismissal of these counts, Plaintiffs present three cases from the District of Nebraska, the Western District of Washington, and the Western District of Oklahoma, respectively. Plaintiffs state that in those cases, the courts found the plaintiffs sufficiently pleaded fraud allegations based on similar facts to this action. While those holdings do not align with the reasoning of this Court, Defendants identify several other district courts that have dismissed fraud-based claims that do align with this Court. The cases that Plaintiffs submit are certainly not binding, nor do they persuade this Court that it has made a "manifest error of law" or that a "significant change in law" has occurred warranting reconsideration.

Lastly, as to Count XII, Plaintiffs argue that they may plead a claim of unjust enrichment alternatively to their tort claims and breach of warranty claims, and in its Order, this Court dismissed the claim because the theory was "inapplicable where an express contract, oral or written, governs the parties' relationship" (Doc. 45). Plaintiffs again point to a holding in a factually similar district court case, which is not binding. But Plaintiffs properly point out that, while Defendants provided products pursuant to contractual arrangements with implanting physicians, those contracts do not govern the parties' relationship here.

Defendants argue that even if the Court erred on this point, Plaintiffs' unjust enrichment claim should not be revived. Defendants contend that resolution of the fraud claim against Plaintiffs should be dispositive of the unjust enrichment claim as well, citing *Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir.2007). Plaintiffs' claims of unjust

enrichment are based on the same allegations of fraudulent conduct that the Court previously dismissed. While, under Illinois law, fraud is not an indispensable element of an unjust enrichment claim, Plaintiffs' particular theory of unjust enrichment here is based on the same allegations of fraudulent actions that they asserted within their fraud-based claims. In its prior Order, this Court found that Plaintiffs failed to sufficiently plead that Defendants knew of the lack of safety or efficacy of their products and intentionally misled the public. Moreover, Plaintiffs failed to describe the "who, what, when, where, and how" of the alleged fraud. As such, Plaintiffs' pleading as to unjust enrichment based on these underlying allegations also fails.

Accordingly, Plaintiffs' Motion for Reconsideration (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 31, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**